NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001347
08-DEC-2015
08:32 AM

NO. CAAP-13-0001347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MELANI C. DEER, Claimant-Appellant, v.
EG&G TECHNICAL SERVICES, INC., Employer-Appellee, and
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA
AND SEDGWICK, CMS, Insurance Carrier-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-113 (2-08-00124))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Claimant-Appellant Melani C. Deer (**Deer**) appeals from the "Decision and Order" of the Labor and Industrial Relations Appeals Board (**LIRAB**) entered on May 8, 2013, which arose out of a December 26, 2007 work injury that occurred when, after bending over to pick up some trash, Deer raised up and struck her face on a section of a parked helicopter.

On appeal, Deer contends the LIRAB erred in (1) granting the motion to strike Exhibits "BA" through "BI" and the motion to strike Exhibits "F" through "I"; and (2) failing to substantially reduce the award of attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Deer's appeal is without merit.

## I. Admission of Exhibits

Deer argues on appeal that the exhibits she attempted to introduce should not have been excluded because Employer-Appellee EG&G Technical Services, Inc. (collectively referred to with Insurance Carrier-Appellee Insurance Company of the State of Pennsylvania and Sedgwick, CMS, as **Employer**) failed to establish that it would be prejudiced by the introduction of the exhibits.

Employer argued in its June 17, 2010 "Motion For An Order Striking Late Medical Report Submissions By [Deer]" (**Motion to Strike**), that Deer's exhibits were "not submitted in accordance with the Board's Pretrial Order and First Amended Pretrial Order and their inclusion in the record at this late date would be prejudicial to Employer." Employer attached to its Motion to Strike the exhibits Deer sought to admit, which were dated March 10, 2010; March 22, 2010; April 1, 2010; and April 5, 2010. Deer did not file an opposition brief to this Motion to Strike. In its "Order Granting Motion to Strike," the LIRAB explained, "Medical records and reports received by the Board after the medical reports submission deadline of February 24, 2010 shall not be considered by the Board."

In Employer's October 24, 2012 "Motion To Strike [Deer's] Exhibits In Whole Or In Part," Employer argued that the exhibits relating to medical reports should be stricken because they were submitted after the February 24, 2010 medical report cut-off and the March 24, 2010 discovery cut-off. On November 9, 2012, the LIRAB entered its "Order Granting Motion to Strike in Part." The LIRAB ordered Deer's "Exhibits 'F,' 'G,' 'H,' and 'I' . . . shall be stricken from the record on appeal."[1]

Hawaii Administrative Rules (**HAR**) Chapter 47 concerns the "Labor and Industrial Relations Appeals Board Rules of Practice and Procedure," which are to "be construed to secure the just, speedy, and inexpensive determination of every proceeding." HAR § 12-47-1 (effective 1981). The LIRAB is allowed to convene

---

[1] These exhibits are not included in the record on appeal.

an initial conference, and may enter a pretrial order reciting the action taken at the initial conference. HAR §§ 12-47-21,[2] - 22[3] (effective 1981).

---

[2] HAR § 12-47-21 provides:

§12-47-21 **Initial conference**. (a) Upon docketing an appeal, the board may convene an initial conference to consider:

(1) The simplification of issues;

(2) The necessity or desirability of amendments to pleadings;

(3) The possibility of obtaining stipulations of fact and documents to avoid unnecessary proof;

(4) Limiting the number of witnesses and disclosing the names of witnesses to be called;

(5) The position of each party, including the basic facts it intends to prove;

(6) Marking of exhibits for identification; and

(7) Other matters which may aid the efficient disposition of the proceeding.

(b) Initial conference statements shall be filed by the parties no later than three business days before the scheduled initial conference covering those areas identified in the notice of initial conference. Additional conferences may be scheduled at the board's discretion.

[3] HAR § 12-47-22 provides:

§12-47-22 **Pretrial order**. (a) When an initial conference is held, the board may enter a pretrial order which recites the action taken at the conference, including:

(1) The agreements made by the parties as to any of the matters considered;

(2) The issues for hearing not otherwise disposed of by stipulation or agreement of the parties; and

(3) The discovery deadlines.

(b) When the pretrial order establishes discovery deadlines, the specified deadline means as follows:

(continued...)

3

Deer argues that this case should be guided by our decision in Messier v. Ass'n. of Apartment Owners of Mt. Terrace, 6 Haw. App. 525, 735 P.2d 939 (1987). In Messier, we considered whether the trial court erred in granting the appellee's motion to strike appellant's amended pretrial statement and denying appellant's motion to add critical witnesses, both governed by Rules of the Circuit Courts of the State of Hawai‘i (**RCCH**) Rule 12(a)(15) (1984). Id. at 530, 735 P.2d at 944. When this court decided Messier, RCCH Rule 12(a)(15)[4] provided: "Addition of

---

[3](...continued)

    (1)    Unnamed witnesses means identification of the name and address of an individual not previously identified in the party's pretrial statement.

    (2)    Live witness means identification of individuals previously identified in the party's pretrial statement or unnamed witness statement, and who the party, in good faith, intends to have testify at trial. An individual not identified in the party's live witness statement shall not be allowed to testify at trial.

    (3)    Medical report deadline means the date that all medical reports or records shall be filed at the board.

    (4)    Discovery deadline means the date that all non-medical documents or records shall be filed at the board, except that the transcript of an oral deposition of any individual conducted before such deadline may be filed after such deadline.

    (c) The pretrial order shall control the subsequent course of the appeal, unless modified by the board at the trial or prior thereto to prevent manifest injustice. The pretrial order shall supersede the pleadings where there is any conflict and shall supplement the pleadings in all other respects.

    (d) The board may impose administrative sanctions as described in section 12-47-48 for noncompliance with the board's order.

[4]    RCCH Rule 12(a)(15) was amended by the 1991 version of the RCCH, and the RCCH currently includes an analogous provision under RCCH Rule 12(o). RCCH Rule 12(o) provides:

    **Rule 12. READY CIVIL CALENDAR.**

(continued...)

4

<u>Critical Witness</u>. At any time after the time for the Final Naming of Witnesses, upon a showing of good cause and substantial need a party may move for the addition of a critical witness." <u>Messier</u>, 6 Haw. App. at 529 n.8, 735 P.2d at 944 n.8. This court held that the appellant's explanation for the tardiness constituted "good cause" under RCCH Rule 12(a)(15), and that appellees did not suffer prejudice as they had argued on appeal. <u>Id.</u> at 531-32, 735 P.2d at 945.

Deer has failed to identify any provision in HAR Chapter 47 corresponding to the former RCCH Rule 12(a)(15) or the current RCCH Rule 12(o) that upon a showing of good cause would allow a party to move for the addition of a witness or evidence after the pretrial cut-off. Therefore, <u>Messier</u> does not guide our decision.

Furthermore, Deer does not provide any rule requiring an opposing party to show it would be prejudiced by the late admission of exhibits. HAR § 12-47-22(d) specifically allows the LIRAB to impose sanctions for noncompliance with the LIRAB's pretrial order. Deer failed to comply with the pretrial order when she sought the admission of exhibits after the LIRAB's discovery deadlines had passed. Deer did not request an extension of time or move to reopen discovery. Although HAR § 12-47-22(c) permits the LIRAB to modify its pretrial order to prevent manifest injustice, Deer failed to demonstrate to the LIRAB that she could not have obtained the medical evidence prior to the pretrial deadline through the exercise of due diligence or that extending the pretrial discovery deadlines was necessary to prevent manifest injustice. Therefore, the LIRAB did not abuse its discretion in striking Deer's untimely exhibits from the

---

[4](...continued)
. . . .

  **(o) Additional witness.** At any time after the time for Final Naming of Witnesses, upon a showing of good cause and substantial need a party may move for the addition of a witness.

record.   See Hawaii Revised Statutes (**HRS**) § 91-14(g) (2012 Repl.).

## II. Attorneys' Fees Award

Deer argues that the LIRAB's award of attorneys' fees was an abuse of discretion because the award was "the result of the failure of [Deer's] prior attorney's failure [sic] to prepare and present the evidence contained in Exhibits 'BH' and 'BI' to the [LIRAB] and opposing counsel in a timely manner."

On May 17, 2010, the LIRAB granted the "Request for Approval of Attorney's Fee" submitted by Deer's attorney David J. Mikonczyk (**Mikonczyk**)  On May 9, 2011, Deer submitted a letter to the LIRAB requesting a reduction in the award of fees, which we review as a motion in opposition to Mikonczyk's request for attorney's fees.  LIRAB did not rule on Deer's opposition, which Deer contends is the equivalent to a denial of the motion.

HRS § 386-94 (Supp. 2014) governs attorneys' fees in workers' compensation cases, and provides, in relevant part:

> **§ 386-94.  Attorneys, physicians, other health care providers, and other fees.**  Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal.  Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.
>
> In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience.  In all cases, reasonable attorney's fees shall be awarded.

Under HAR § 12-47-55 (effective 1981), "[a]ny party objecting to the approval of a [attorney fee] request may file a written objection thereto no later than ten calendar days following service."

Deer did not file her opposition until almost a year after the LIRAB approved Mikonczyk's request for attorney's fees. We conclude that the LIRAB did not abuse its discretion by effectively denying Deer opposition.  See HRS § 91-14(g).

Therefore,

IT IS HEREBY ORDERED that the "Decision and Order" of the Labor and Industrial Relations Appeals Board entered on May 8, 2013 is affirmed.

DATED:   Honolulu, Hawai'i, December 8, 2015.

On the briefs:

Charles H. Brower
for Claimant-Appellant.

Clyde Umebayashi
Muriel M. Taira
(Kessner Umebayashi Bain &
Matsunaga)
for Employer-Appellee and
Insurance Carrier-Appellee.

Chief Judge

Associate Judge

Associate Judge